POWERS v. HOUGHTON.

MALICIOUS PROSECUTION—CIVIL ACTION—ABUSE OF PROCESS.

> The defendant in an action of replevin, in whose favor the
> action was decided, cannot maintain case for malicious pros-
> ecution of the civil action where he had sold the property
> previously to its seizure under the writ of replevin, and had
> no property interest in the chattels taken.

Error to Shiawassee; Miner, J. Submitted November
19, 1909. (Docket No. 30.) Decided December 30, 1909.

Case by Joseph Powers against James D. Houghton
and John D. Haskins for malicious prosecution. A judg-
ment for plaintiff is reviewed by defendants on writ of
error. Reversed.

*Samuel G. Houghton* and *Chandler & Friegel*, for
appellants.

*Odell Chapman* (*Kilpatrick & Pierpont*, of counsel),
for appellee.

BROOKE, J. On October 6, 1905, defendants herein
sued out a writ of replevin against the plaintiff herein, be-
fore a justice of the peace for Shiawassee county, under
which 16 lambs were, by the officer, taken and turned
over to defendants. That action resulted in a verdict in
favor of plaintiff herein, and the lambs in question were
returned to him, the costs were paid by defendants herein,
and no appeal was taken. In December, 1906, plaintiff
brought suit against defendants, in an action of trespass
on the case, for malicious prosecution. Upon the trial,
plaintiff herein testified that he had sold the lambs in
question on October 3, 1905, to one Collister, receiving
from Collister $5 upon the purchase price thereof. This
was three days before the writ of replevin was issued.
The lambs were taken from him under the writ, when he

was in the act of delivering them to Collister. Plaintiff recovered a judgment, and defendants have sued out a writ of error.

We have, then, in the case at bar, this situation: The plaintiff seeks to recover damages for the malicious prosecution of a civil action, by which he was deprived of neither his liberty, reputation, nor property, but simply of the possession of property belonging to another. Pollock, in his work on Torts (8th Ed.), at page 316, states the rule as follows:

"Generally speaking, it is not an actionable wrong to institute civil proceedings without reasonable and probable cause, even if malice be proved. For, in contemplation of law, the defendant, who is unreasonably sued, is sufficiently indemnified by a judgment in his favor, which gives him his costs against the plaintiff."

See, also, *Quartz Hill Gold Mining Co.* v. *Eyre*, L. R. 11 Q. B. Div. 674, 52 L. J. Q. B. (N. S.) 488, where it said:

"In the present day, and according to our present law, the bringing of an ordinary action, however maliciously, and however great the want of reasonable and probable cause, will not support a subsequent action for malicious prosecution."

This is the English rule, which has been somewhat modified in America. In 1 Cooley on Torts (3d Ed.), at page 345, the rule is stated to be that:

"In some cases an action may be maintained for the malicious institution of a civil suit, but the authorities are not entirely agreed what cases are embraced within the rule."

Among those malicious civil suits giving a right of action, he enumerates arrest, attachment, garnishment, insanity cases, injunctions, receivers, and other suits that interfere with person or property. Under the last class of cases, he says (page 348):

"So a suit for malicious prosecution will lie where the plaintiff's property or business has been interfered with,

by the appointment of a receiver, the granting of an injunction, or by writ of replevin."

As supporting the text touching writs of replevin, he cites *Brounstein* v. *Sahlein*, 65 Hun, 365 (20 N. Y. Supp. 213); *McPherson* v. *Runyon*, 41 Minn. 524 (43 N. W. 392, 16 Am. St. Rep. 727). Both of these cases have been examined. In the first, not only was the plaintiff's property interfered with, but his business was largely injured. In the second, property of the plaintiff had been taken on the writ.

In our own State, the case of *Brand* v. *Hinchman*, 68 Mich. 590 (36 N. W. 664, 13 Am. St. Rep. 362), is to some extent applicable. There, an attachment was sworn out by defendant, Hinchman, and placed in the sheriff's hands for service. A deputy visited Brand's store, but made no actual levy, the subject-matter of the suit being adjusted. This court found, however, that there was at least a technical taking and possession of Brand's property, and the proofs showed that damage resulted to his business as a result of the swearing out of the writ (without probable cause).

The case of *Antcliff* v. *June*, 81 Mich. 477 (45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533), is authority for the proposition that a gross and fraudulent abuse of the process of the court, resulting in damage, gives a right of action to the person sustaining the damage.

But we have been unable to find a single adjudicated case (and counsel for plaintiff has called our attention to none), where it is held that the defendant in a replevin suit, having no property in the goods taken, may maintain an action for malicious prosecution against the unsuccessful plaintiff in the original action. The authorities are not harmonious upon the question, where the property of the defendant in the original action is taken, and upon that question we express no opinion.

The judgment is reversed and a new trial ordered.

BLAIR, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.