SCOVERA *v.* ARMBRUSTER.

1. MALICIOUS PROSECUTION—ATTACHMENT—WHEN ACTIONABLE.
Swearing out false attachment without probable cause is actionable.

2. SAME—EFFECT OF SETTLEMENT OF DEBT ON ACTION—PROBABLE CAUSE.
Settlement of debt by plaintiff and payment of costs of proceedings cannot prevent maintenance of action for maliciously suing out writ of attachment without probable cause.

3. SAME—MALICE—PROOF NECESSARY TO RECOVER.
In order for plaintiff to recover damages for false swearing out of attachment, he must prove that attachment was malicious and that it was without probable cause.

4. EVIDENCE—ATTACHMENT—PRESUMPTION IS THAT ATTACHMENT WAS LAWFUL.
There is no presumption that writ of attachment was wrongfully issued, but presumption is that it was properly and lawfully issued, and was sufficient to justify levy on property of defendant named therein.

5. MALICIOUS PROSECUTION—ATTACHMENT—DIRECTED VERDICT.
In action for damages for swearing our false attachment, where plaintiff failed to show affirmatively that there was no ground for suing out attachment, presumption in favor of its validity was not overcome, and, under circumstances, trial court was not in error in directing verdict for defendant.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 8, 1932. (Docket No. 77, Calendar No. 36,149.) Decided March 2, 1932. Rehearing denied June 6, 1932.

Case by Peter J. Scovera against Arthur Armbruster for wrongful issuance of writ of attachment

On settlement or compromise as affecting right to maintain an action for malicious prosecution, see annotation in L. R. A. 1915A, 601; 67 A. L. R. 513.

by justice of the peace. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Davidow & Davidow,* for plaintiff.

*Burke & Burke,* for defendant.

POTTER, J.  Plaintiff sued defendant for damages alleged to have resulted from defendant having unlawfully caused an attachment to be issued against plaintiff, out of justice's court, by virtue of which attachment a constable attached plaintiff's truck with certain chains, lumber binders, and other things. Plaintiff claimed $749.65 damages. This amount included $75 a day for use of the truck and trailer attached during the time they were detained.  Defendant pleaded that, after attachment issued, plaintiff paid defendant his indebtedness involved in the attachment case, and the attachment was dismissed. Both parties moved for directed verdict.  The trial court rendered verdict for defendant.  Plaintiff appeals. Plaintiff does not deny the indebtedness to defendant. He claims the reason he did not pay defendant's bills was they were not presented.  He admits if they had been presented he would have paid them. There is no question but defendant furnished gasoline for use of the trucks of plaintiff.  There is no dispute but defendant repeatedly sent bills therefor, by the drivers of the trucks, to plaintiff.  There is no claim plaintiff paid the whole or any part of the amount due defendant for gasoline until after the attachment in justice's court.

Swearing out a false attachment without probable cause is actionable. *Brand* v. *Hinchman,* 68 Mich. 590. (13 Am. St. Rep. 362).  The settlement of the debt by plaintiff and payment of the costs of the proceedings cannot prevent the maintenance of a suit for maliciously suing out a writ of attachment

without probable cause. *Brand* v. *Hinchman, supra.* To recover in this case the plaintiff must prove the malicious suing out of the writ of attachment, and the want of probable cause. There is no allegation in plaintiff's declaration the attachment was maliciously sued out.

"Assuming, therefore, what we are not prepared to hold without further consideration, that want of good reason to believe defendant's misconduct, where there is no malice alleged, is a ground for action, there was in the present case no legal evidence of that fact; and in the absence of such testimony it must be assumed there was no wrong in suing out the writ." *Blanchard* v. *Brown,* 42 Mich. 46.

There is no presumption the writ of attachment was wrongfully issued. The presumption is the writ was properly and lawfully issued and was sufficient to justify a levy on the property of defendant named therein. 6 C. J. p. 522.

There is no showing as to what the basis of the attachment may have been. The proceedings in justice's court are not in the record. In a suit of this kind plaintiff must affirmatively show there was no ground for defendant's attachment. It is admitted that after suit commenced in justice's court by defendant, plaintiff paid the amount due, upon which the attachment was dissolved and the attached property released. As the record comes to us, with the presumption in favor of the validity of the judgment, without any showing to the contrary, we cannot say the trial court was in error in directing a verdict for defendant. Judgment affirmed, with costs.

Clark, C. J., and McDonald, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.