YOUNG v MOTOR CITY APARTMENTS LIMITED DIVIDEND
HOUSING ASSOCIATION NO 1 & NO 2

Docket No. 67744. Submitted October 11, 1983, at Detroit.—Decided
April 16, 1984.

The present defendants, Motor City Apartments Limited Divi-
dend Housing Association No. 1 and No. 2, James J. Burnett,
Pattie Burnett, Harry S. Ellman, Tilchin & Ellman, and others,
who are former clients of the present plaintiffs, and those
clients' attorneys, initiated a lawsuit against the present plain-
tiffs, Hallison H. Young and Patmon, Young & Kirk, P.C.,
alleging various acts of legal malpractice, fraud and misrepre-
sentation. A verdict of no cause of action was rendered by the
jury. The plaintiffs then brought an action against the defen-
dants in the Wayne Circuit Court seeking damages for mali-
cious prosecution and for abuse of process. The trial court,
James E. Mies, J., granted an order of summary judgment in
favor of defendants Harry S. Ellman and Tilchin & Ellman.
The trial court held that plaintiffs' original and amended
complaints failed to plead special injury as to the malicious
prosecution claim and also failed to allege an improper use of
process to support the abuse of process claim as to those
parties. Plaintiffs appeal. *Held:*

1. The plaintiffs' claims fall short of being equivalent to a
claim of a seizure of property. Interference with one's usual
business and trade, including the loss of goodwill, profits,
business opportunities and the loss of reputation, is not cogniza-
ble as special injuries.

2. Plaintiffs failed to state a claim for malicious prosecution
by failing to allege special injury sufficiently.

3. A plaintiff making out a claim for abuse of process must
allege a use of process for a purpose outside of the intended

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 61A Am Jur 2d, Pleading § 231.
[2] 5 Am Jur 2d, Appeal and Error §§ 853, 879.
[3] 52 Am Jur 2d, Malicious Prosecution § 6.
[4] 52 Am Jur 2d, Malicious Prosectuion § 9.
[5] 52 Am Jur 2d, Malicious Prosecution §§ 11, 100, 101.
[6-9] 1 Am Jur 2d, Abuse of Process §§ 4, 21, 22.

purpose and must allege with specificity an act which itself corroborates the ulterior motive.

4. Plaintiffs have not alleged any improper use of process designed to obtain a collateral advantage. The record does not reveal any act by the defendants outside of the formal use of process to extort or otherwise oppress the plaintiffs.

5. Process which properly issues and that prompts the case toward the resolution of the claims therein is not an abuse of process absent allegations of a specific act in the course of process that reveals a collateral, ulterior purpose.

6. The trial court properly rendered the summary judgment.

7. The plaintiffs' failure to properly state both the malicious prosecution and the abuse of process claims renders the factual disputes therein immaterial.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment grounded on a claim that the opposing party has failed to state a claim upon which relief can be granted challenges the legal sufficiency of a claim; all well-pled allegations and reasonable conclusions from the pleadings are accepted as true for purposes of such a motion (GCR 1963, 117.2[1]).

2. JUDGMENTS — SUMMARY JUDGMENT — APPEAL — COURT RULES.

The test applied on appellate review of a motion for summary judgment grounded on a claim that the opposing party has failed to state a claim upon which relief can be granted is whether the opposing party's claim is so clearly unenforceable as a matter of law that no factual development can justify a right to recovery (GCR 1963, 117.2[1]).

3. MALICIOUS PROSECUTION — ACTIONS — ELEMENTS OF ACTION.

The elements of a tort action for malicious prosecution of a civil proceeding are: (1) the termination of prior proceedings in favor of the present plaintiff; (2) the absence of probable cause for those proceedings; (3) malice, defined as a purpose other than that of securing the proper adjudication of the claim; and (4) a special injury that flows directly from the prior proceedings.

4. MALICIOUS PROSECUTION — ENGLISH RULE — SPECIAL INJURY.

Michigan follows the so-called "English rule" and requires a plaintiff to show special injury in order to maintain an action for malicious prosecution.

5. MALICIOUS PROSECUTION — INTERFERENCE WITH BUSINESS — SPE-
   CIAL INJURY.

   Interference with one's usual business and trade, including loss of
   goodwill, profits, business opportunities and the loss of reputa-
   tion, is not cognizable as special injuries for purposes of stating
   a claim for malicious prosecution.

6. PROCESS — ABUSE OF PROCESS — PLEADING.

   A party must plead and prove an ulterior purpose and an act in
   the use of process that is improper in the regular prosecution of
   the proceeding to recover upon a theory of abuse of process.

7. PROCESS — ABUSE OF PROCESS — PLEADING.

   A party must allege a use of process for a purpose outside of the
   intended purpose and must allege with specificity an act which
   itself corroborates the ulterior motive to make out a claim for
   abuse of process.

8. PROCESS — ABUSE OF PROCESS — PLEADING.

   The pleadings must allege an irregular act in the use of process
   to make a proper claim for abuse of process; an allegation
   which claims no more than the proper issuance of process,
   notwithstanding improper motives in causing such process to
   issue, fails to make a proper claim.

9. PROCESS — ABUSE OF PROCESS — PLEADING.

   A party's use of process which properly issues and that prompts
   the case toward the resolution of the claims therein is not an
   abuse of process absent allegations of a specific act in the
   course of process that reveals a collateral, ulterior purpose.

*Patmon & Young, P.C.* (by *Quincy D. Evans),* for
*Hallison H. Young* and *Patmon, Young & Kirk,
P.C.*

*Collins, Einhorn & Farrell, P.C.* (by *Brian Ein-
horn* and *Noreen L. Slank),* for *Harry S. Ellman*
and *Tilchin & Ellman.*

Before: MACKENZIE, P.J., and WAHLS and M.
WARSHAWSKY,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

WAHLS, J. Plaintiffs appeal from an order of summary judgment granted in favor of defendants Harry S. Ellman and Tilchin & Ellman. Plaintiffs sought damages from the defendants for malicious prosecution and for abuse of process. Defendants are former clients of the plaintiffs, and those clients' attorneys who initiated a lawsuit against the present plaintiffs alleging various acts of legal malpractice, fraud and misrepresentation. In a jury trial, a verdict of no cause of action was rendered. Thereafter, the plaintiffs instituted this lawsuit. The defendants moved for summary judgment based upon GCR 1963, 117.2(1), which provides for summary judgment when the opposing party has failed to state a claim upon which relief can be granted. The trial judge granted the motion holding that plaintiffs' original and amended complaints failed to plead special injury as to the malicious prosecution claim and also failed to allege an improper use of process to support the abuse of process claim.

On appeal, plaintiffs present three allegations of error:

1. The trial court erred in granting summary judgment as to the claim of malicious prosecution on the basis that plaintiffs had failed to allege special injury;

2. The trial court erred in granting summary judgment as to the claim of abuse of process on the basis that plaintiffs failed to plead an improper use of process; and

3. The trial court erred in granting summary judgment as to both claims when there existed material factual issues as to the state of mind of the defendants.

I

Plaintiffs argue that the claim of malicious pros-

ecution was properly pled and that the guidelines for alleging special injury were met therein. Defendants disagree with this assertion and argue that the plaintiffs must show an interference with person and property that is the equivalent of a taking. Defendants argue that the plaintiffs' allegations fall short of the standard set forth in *Friedman v Dozorc,* 412 Mich 1; 312 NW2d 585 (1981).

On review, we first note that a motion grounded on GCR 1963, 117.2(1) challenges the legal sufficiency of a claim. All well-pled allegations and reasonable conclusions from the pleadings are accepted as true. *Bielski v Wolverine Ins Co,* 379 Mich 280, 283; 150 NW2d 788 (1967); *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). On appellate review, the test is whether the plaintiffs' claim is so clearly unenforceable as a matter of law that no factual development can justify a right to recovery. *Rubino v Sterling Heights,* 94 Mich App 494, 497; 290 NW2d 43 (1979).

The elements of a tort action for malicious prosecution of a civil proceeding are the following:

1. Prior proceedings terminated in favor of the present plaintiff;

2. Absence of probable cause for those proceedings;

3. Malice, defined as a purpose other than that of securing the proper adjudication of the claim; and

4. A special injury that flows directly from the prior proceedings.

*Friedman, supra,* p 48.

In the present case, the trial court relied upon

the holding of the Supreme Court in *Friedman* and concluded that plaintiffs had failed to allege special injury.

In *Friedman,* the plaintiff physician instituted an action against the attorneys who had represented clients in a medical malpractice action that resulted in a no cause of action verdict. Dr. Friedman alleged malicious prosecution, abuse of process, negligence and legal malpractice. The Supreme Court upheld the summary judgment which dismissed all aspects of the plaintiffs' complaint. As to the plaintiffs' malicious prosecution claim, the Court held that Michigan would continue to follow the so-called "English rule" and require a plaintiff to show special injury in order to maintain the action. 412 Mich 34. The Court reasoned that it would be unwise to arm all defendants who prevail in a prior action with an instrument of retaliation:

"[Most] defendants, react to a lawsuit with hurt feelings and outrage. They may impute malicious motives to the plaintiff and the opposing attorney and be eager to exact retribution if they prevail.

\* \* \*

"There are sure to be those who would use the courts and such an expanded tort remedy as a retaliatory or punitive device." *Friedman, supra,* pp 45-46.

The Court did not determine the precise boundaries of the term "special injury", but cited with approval prior cases in which the special injury alleged was the seizure of property or a result equivalent to a seizure of property.[1] 412 Mich 39-41.

[1] *Pawlowski v Jenks,* 115 Mich 275; 73 NW 238 (1897); *Powers v Houghton,* 159 Mich 372; 123 NW 1108 (1909); *Krzyszke v Kamin,* 163 Mich 290; 128 NW 190 (1910); *Tomkovich v Mistevich,* 222 Mich 425; 192 NW 639 (1923); *Scovera v Armbruster,* 257 Mich 340; 241 NW 231 (1932); *Fisk v Powell,* 349 Mich 604; 84 NW2d 736 (1957); *Leeseberg v*

In the present case, plaintiffs allege the following injuries:

1. Time and revenue lost while defending the lawsuit;

2. Medical expenses for treatment of various illnesses and mental anguish related to defending the lawsuit;

3. Public ridicule;

4. Injury to reputation and goodwill, both private and professional;

5. Costs incurred to defend against the lawsuit and to defend against grievances brought before the State Bar;

6. Lost profits from accounts receivables that became uncollectable while defending the lawsuit; and

7. Lost profits from the closing of a section of plaintiffs' business materially affected by the lawsuit.

We find that plaintiffs' claims do not differ substantially from the claims of the physician in *Friedman,* and fall short of being equivalent to a seizure of property. Interference with one's usual business and trade, including the loss of goodwill, profits, business opportunities and the loss of reputation, is not cognizable as special injuries. The reasoning of Judge (now Justice) BOYLE in *Sage International, Ltd v Cadillac Gage Co,* 556 F Supp 381, 386 (ED Mich, 1982), on this issue is instructive:

"The allegations that a suit was brought solely to 'ruin' someone's business or reputation is an exceedingly subjective assertion which any litigant could pose

*Builders Plumbing Supply Co,* 6 Mich App 321; 149 NW2d 263 (1967), and *Rowbotham v Detroit Automobile Inter-Ins Exchange,* 69 Mich App 142; 244 NW2d 389 (1976).

and which could be verified or disproven only upon a trial of the issue * * *. It is presumably for this reason that courts recognizing the special injury prerequisite demand that some 'objective' equivalent of a taking be alleged or, as in *[Chrysler Corp v Fedders Corp,* 540 F Supp 706 (SD NY, 1982)], that some 'provisional remedy' is alleged to have been utilized against plaintiff. Without such criterion, the stringent special injury rule, which the *Friedman* court has so carefully engrafted upon this cause of action, could be swallowed up by an allegation that the defendant 'was out to ruin me.' I do not believe that this was a result intended by the court in *Friedman.*"

This Court concurs in Justice BOYLE's belief and we conclude that plaintiffs in the present case have failed to state a claim for malicious prosecution by failing to allege special injury sufficiently. See also *Chrysler Corp v Fedders Corp,* 540 F Supp 706, 723-724 (SD NY, 1982).[2]

## II

Plaintiffs also argue that the trial court erred in granting summary judgment as to the abuse of process claim. Plaintiffs contend that their complaint alleges an improper use of process by the defendants sufficient to maintain the action.

To recover upon a theory of abuse of process, a party must plead and prove an ulterior purpose and an act in the use of process that is improper in the regular prosecution of the proceeding. *Spear v Pendill,* 164 Mich 620, 623; 130 NW 343 (1911); *Friedman, supra,* p 30. In *Friedman,* the Supreme Court held that a plaintiff who alleges no more than that a party has commenced action against

[2] See also *Barnard v Hartman,* 130 Mich App 692; 344 NW2d 53 (1983). There this Court rejected a claim for malicious prosecution grounded on alleged damage to plaintiff's professional reputation.

him has not pled an improper use of process. The pleadings must allege an irregular act in the use of process. *Friedman, supra,* pp 30-31.

In the present case, plaintiffs allege that defendants intended to use the action for the following motives:

"1. To coerce and extort payment from [plaintiffs] and their malpractice insurance carrier of the frivolous claims made * * * in the prior action;

"2. To coerce and extort a refund of fees from [plaintiffs] to which they were not entitled;

"3. To attempt to coerce [plaintiffs] to pay the alleged 'third-party creditor beneficiaries' claims asserted against [plaintiffs] in the prior action; and

"4. To attempt to force [plaintiffs] to give up and not prosecute their defenses and claims for attorney fees in the prior action."

Defendants respond that the plaintiffs' claim is deficient because discovery tactics do not of themselves amount to an abuse of process.

Plaintiffs rely on *Three Lakes Ass'n v Whiting,* 75 Mich App 564; 255 NW2d 686 (1977), to support the position that oppressive discovery and trial tactics are an abuse of process. In *Three Lakes,* plaintiffs brought an action which included a claim of abuse of process against defendants who had instituted a prior action in which they sought damages for allegedly tortious actions by the plaintiffs in obstructing a condominium project. This Court held that plaintiffs stated a proper claim for abuse of process by alleging the following ulterior purpose:

"[Defendants] instituted the action for damages for the malicious and ulterior purpose of causing plaintiff so much expense and trouble in defending it that plaintiff would be forced to give up or at least be

frustrated in pursuing its legitimate activities in opposition to defendants' condominium project." *Three Lakes, supra,* p 570.

The alleged improper acts included the following:

"[D]efendants have abused the discovery process by burdening plaintiff with requests for discovery while at the same time causing delays in complying with legitimate discovery procedures of plaintiff, that defendants at one point agreed to settle the case and subsequently refused to comply with that agreement, and that defendants have conducted that lawsuit in an oppressive manner in various other ways.

"It is also claimed that defendants have stated that they would dismiss Action 926 without receiving any damages if plaintiff would agree not to express opposition to or otherwise oppose defendants' proposed condominium project." *Three Lakes, supra,* p 570.

This Court held that the specific improper use of process was defendants' settlement offer to dismiss the action in return for plaintiff's capitulation in its opposition to defendants' condominium project and found this purpose to be ulterior and collateral to the action brought against the plaintiff:

"[The] offer was premised on plaintiff ending *all* opposition to the project, be it proper or tortious, and may be viewed on this motion for summary judgment as a use of Action 926 as a club to obtain a purpose collateral to its proper purpose." *Three Lakes, supra,* p 574. (Emphasis in original.)

After *Three Lakes,* this Court has not examined the question of what constitutes a proper claim for abuse of process, particularly in light of *Friedman.* In doing so, we find that the present case is distinguishable factually from *Three Lakes,* and

cannot withstand the scrutiny of the *Friedman* precedent.

The Supreme Court in *Friedman* reasoned that to make a proper claim for abuse of process the pleadings must allege an irregular act in the use of process. An allegation which claims no more than the proper issuance of process, notwithstanding improper motives in causing such process to issue, fails to satisfy the requirements of *Spear, supra.* See also *Friedman, supra,* pp 30-31.

In *Three Lakes,* this Court found that the defendants attempted to attain a collateral objective outside of the use of the process, *inter alia,* to coerce plaintiffs to end all opposition to defendants' condominium project. *Three Lakes, supra,* p 574. The ostensible objective in the action (money damages for plaintiffs' alleged tortious conduct) was found to be of secondary importance, a fact illustrated by the defendant's conduct in settlement negotiations. This Court did not hold that allegedly oppressive discovery and trial tactics standing alone would provide the basis for an abuse of process claim, and we are not prepared to so hold on the facts now before us.

We hold, consistently we feel with *Friedman,* that a plaintiff making out a claim for abuse of process must allege a use of process for a purpose outside of the intended purpose and must allege with specificity an act which itself corroborates the ulterior motive. *Friedman, supra,* p 31, *Three Lakes, supra,* pp 573-574, and *Sage International, supra,* p 389.

In the present case, plaintiffs have not alleged any improper use of process designed to obtain a collateral advantage. Each purpose set forth in their amended complaint describes nothing more than objectives commonly sought by claimants

who initiate lawsuits, *inter alia,* to prevail over the defenses and counterclaims of the opposing party and obtain a judgment authorizing appropriate damages. The acts set forth in plaintiffs' amended complaint depict nothing inconsistent with the zealous representation of claims that is inherent in our adversary system and which is properly governed by the Michigan court rules. Moreover, the record does not reveal any act by the defendants outside of the formal use of process to extort or otherwise oppress plaintiffs. See *Three Lakes, supra,* p 573. *Friedman, supra,* p 31.

Two recent federal decisions which analyze abuse of process claims in light of *Friedman* support our holding. In *Chrysler Corp v Fedders Corp, supra,* the court rejected an abuse of process claim based upon a prior action which the plaintiff alleged was brought to "harass and defame [it], to impose excessive litigation costs * * * and to coerce [it] into relinquishing its legitimate contract rights." 540 F Supp 726-727:

> "It is not enough that the actor have an ulterior motive in using the process of the court. It must further appear that he did something in the use of the process outside of the purpose for which it was intended. * * * Every one has a right to use the machinery of the law, and bad motive does not defeat that right. There must be a further act done outside the use of process—a perversion of the process. If he uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of the process." *Chrysler Corp, supra,* p 725. Quoting from *Hauser v Bartow,* 273 NY 370, 374; 7 NE2d 268 (1937). (Citations omitted.)

Similarly, in *Sage International, supra,* the court rejected a claim for abuse of process grounded on the alleged purpose, *inter alia,* of coercing the plaintiffs to discontinue their busi-

ness. The court reasoned that the plaintiffs failed to specifically allege an act in the course of process that demonstrated an ulterior purpose. *Sage International, supra,* p 389.

Accordingly, this Court holds that process which properly issues and that prompts the case toward the resolution of the claims therein is not an abuse of process absent allegations of a specific act in the course of process that reveals a collateral, ulterior purpose. In the present case, the trial court properly rendered summary judgment in favor of defendants.

### III

Plaintiffs finally argue that the trial court erred in granting summary judgment on both issues because there existed material issues of fact concerning the defendants' state of mind and intentions in initiating the prior lawsuit. We find no error here; the plaintiffs' failure to properly state both claims renders the factual disputes therein immaterial, *Friedman, supra,* p 32.

Affirmed.