## VALLANCE v BREWBAKER

Docket Nos. 88107, 89023. Submitted November 5, 1986, at Grand Rapids. Decided July 20, 1987.

Dora Vallance brought an action in the Cheboygan Circuit Court against James L. Brewbaker, Stanley Kozial, and others, for damages for personal injuries sustained in an automobile accident. In that suit, the trial judge entered an order that required plaintiff to execute authorizations for the release of medical records. The authorizations were to be valid through April 8, 1985, and the order further provided for the renewal of the authorizations by the defendants. On April 10, 1985, the trial judge signed an ex parte order extending the time period for the releases. Plaintiff and her attorney thereafter revoked the authorizations. Brewbaker and Kozial then moved for dismissal on the ground that plaintiff failed to comply with the discovery order. The trial court found that plaintiff had violated the ex parte order and plaintiff's case was thereafter dismissed without prejudice. Plaintiff then brought an action in the Cheboygan Circuit Court alleging abuse of process by the defendants in the previous action. The defendants moved for an order of summary disposition and for an award of costs and attorney fees. The trial court, Lowell R. Ulrich, J., entered an order granting the defendants summary disposition, but a decision on the request for attorney fees was deferred until a later time. Plaintiff appealed from that order in Docket No. 88107. Following the filing of plaintiff's appeal, the trial court entered a further order awarding defendants costs and attorney fees. Plaintiff appealed from that order in Docket No. 89023. The appeals were consolidated by the Court of Appeals.

The Court of Appeals held:

1. The trial court properly granted defendant's motion for summary disposition in plaintiff's abuse of process action. There is no hint of any purpose other than the need for

REFERENCES

Am Jur 2d, Abuse of Process §§ 4, 6.

Abuse of process actions based on misuse of discovery and deposition procedures after commencement of civil action without seizure of person or property. 33 ALR4th 650.

discovery underlying defendants' efforts to obtain the ex parte order. Procedural irregularities alleged by plaintiff do not constitute a basis for the tort of abuse of process.

2. Plaintiff's filing of a claim of appeal in Docket No. 88107 divested the trial court of jurisdiction to subsequently award attorney fees. The order awarding costs and attorney fees is reversed without prejudice to defendants' right to renew their motion for costs and attorney fees on remand.

The order of summary disposition in Docket No. 88107 is affirmed and the order awarding costs and attorney fees in Docket No. 89023 is reversed.

1. TORTS — ABUSE OF PROCESS — PROCEDURAL IRREGULARITIES.

Alleged procedural irregularities do not constitute a basis for the tort of abuse of process.

2. TORTS — ABUSE OF PROCESS.

A plaintiff, to recover upon a theory of abuse of process, must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding.

3. TORTS — ABUSE OF PROCESS.

A meritorious claim of abuse of process contemplates a situation where the defendant has availed himself of a proper legal procedure for a purpose collateral to the intended use of that procedure; the improper ulterior purpose must be demonstrated by a corroborating act; the mere harboring of bad motives on the part of the actor without any manifestation of those motives will not suffice to establish an abuse of process.

4. APPEAL — COURTS — JURISDICTION.

The filing of a claim of appeal from a circuit court action divests the circuit court of its jurisdiction in the action (MCR 7.208).

*Jerry L. Sumpter, J.D., P.C.* (by *Jerry L. Sumpter*), for Dora Vallance.

*Read & Griffin* (by *Richard A. Griffin*), for Stanley Kozial and State Farm Mutual Automobile Insurance Company.

*Bensinger, Combs & Cotant, P.C.* (by *Michael D. Combs*), for James L. Brewbaker and Farm Bureau Mutual Insurance Company.

Before: Cynar, P.J., and M. J. Kelly and J. A. Hathaway,* JJ.

Per Curiam. In Docket No. 88107, plaintiff appeals from the circuit court's order granting summary disposition of her claim for abuse of process. In Docket No. 89023, plaintiff appeals from the court's subsequent order in the matter taxing costs and attorney fees. We affirm the grant of summary disposition but we reverse the latter order and remand for a redetermination of costs and attorney fees.

Plaintiff's complaint alleged that defendants committed an abuse of process by obtaining an ex parte order extending the expiration date for discovery of certain of plaintiff's medical records and by attempting to use authorizations signed by plaintiff to obtain the medical records after the original expiration date. These allegations pertained to plaintiff's prior suit for damages for personal injuries sustained in an automobile accident. In that suit, the trial judge entered an order on January 22, 1985, that required plaintiff to execute authorizations for the release of medical records, which were to be valid through the April 8, 1985, anticipated trial date. The order further provided that "defendant shall thereafter be allowed to renew the authorization to a later specific date in the event that the trial is continued in this matter."

On April 10, 1985, the trial judge signed an ex parte order extending the time period for the releases. When defendants attempted to obtain additional medical records pursuant to the ex parte order, the attorney representing both Cheboygan Community Memorial Hospital and one of plaintiff's treating physicians contacted plaintiff

* Circuit judge, sitting on the Court of Appeals by assignment.

and her attorney, who together revoked the authorizations.

On April 12, 1985, defendants Brewbaker and Kozial moved for dismissal on the ground that plaintiff failed to comply with the discovery order. The trial court found that plaintiff had violated the ex parte order by refusing to facilitate defendants' discovery efforts. Pursuant to MCR 2.314, the court required that plaintiff choose to either proceed to trial without adducing any medical evidence or allow her case to be dismissed without prejudice. Plaintiff chose the latter course.

On May 10, 1985, plaintiff filed her complaint for abuse of process. In response, all defendants moved for an order granting summary disposition and for an award of costs and attorney fees. On October 15, 1985, the court entered an order of summary disposition pursuant to MCR 2.116(C)(10), but a decision on the request for attorney fees was deferred until a later time. On October 17, 1985, plaintiff filed in this Court a claim of appeal (Docket No. 88107). On November 18, 1985, the trial court entered a further order awarding costs and attorney fees to defendants. On November 26, 1985, plaintiff filed a separate claim of appeal from that order (Docket No. 89023). This Court consolidated the two appeals.

Plaintiff argues on appeal that the trial court erred by granting summary disposition because the obtaining of an ex parte order was itself an abuse of process. In *Friedman v Dozorc,* 412 Mich 1, 30; 312 NW2d 585 (1981), the Court set forth the elements of the tort of abuse of process:

> To recover upon a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding.

A meritorious claim of abuse of process contemplates a situation where the defendant has availed himself of a proper legal procedure for a purpose collateral to the intended use of that procedure, e.g., where the defendant utilizes discovery in a manner consistent with the rules of procedure, but for the improper purpose of imposing an added burden and expense on the opposing party in an effort to conclude the litigation on favorable terms. Thus, in *Three Lakes Ass'n v Whiting,* 75 Mich App 564, 569-575; 255 NW2d 686 (1977), it was held that abuse of process was properly pled by an allegation that the defendant offered to dismiss an action for damages without the need to pay compensation if the plaintiff would cease opposition to the development of a condominium project. The ulterior purpose of stifling opposition was collateral to the defendant's maintenance of a lawsuit for the recovery of damages as compensation. Cf. *Young v Motor City Apartments Limited Dividend Housing Ass'n No 1 & No 2,* 133 Mich App 671, 678-683; 350 NW2d 790 (1984).

Furthermore, the improper ulterior purpose must be demonstrated by a corroborating act; the mere harboring of bad motives on the part of the actor without any manifestation of those motives will not suffice to establish an abuse of process. *Young, supra,* 682-683; *Early Detection Center, PC v New York Life Ins Co,* 157 Mich App 618, 629-630; 403 NW2d 830 (1986).

There is no hint of any purpose other than the need for discovery underlying defendants' efforts to obtain the ex parte order in the instant case. Since it is abundantly clear that the discovery of medical evidence in an action for personal injuries is entirely consistent with the purposes furthered by the Michigan Court Rules of 1985, we do not hesitate to affirm the trial court's order of sum-

mary disposition.[1] The gist of plaintiff's argument appears to be that the ex parte order was procedurally defective. Without expressing an opinion on the propriety of that procedure, we emphasize that procedural irregularities do not constitute a basis for the tort of abuse of process, which is concerned with the proper use of procedure for illegitimate aims. Plaintiff's recourse was to appeal from the allegedly defective discovery order.

Plaintiff also argues that her filing of a claim of appeal in Docket No. 88107 divested the trial court of jurisdiction to subsequently award attorney fees. We agree.

MCR 7.208 provides in part:

(A) Limitations. After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed from except by order of the Court of Appeals, by stipulation of the parties, or as otherwise provided by law.

(B) Correction of Defects. Except as otherwise

---

[1] The grant of summary disposition was based on MCR 2.116(C)(10). A motion pursuant to MCR 2.116(C)(10) may only be granted upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. The purpose of the motion is to determine whether there is any factual support for the plaintiff's claim. *Linebaugh v Berdish,* 144 Mich App 750, 753-754; 376 NW2d 400 (1985). Plaintiff argues that the trial court's order granting summary disposition was procedurally defective because defendants did not submit affidavits in support of their motion. MCR 2.116(G)(3) requires that the movant submit documentary evidence in support of its factual contentions. In view of the nature of an abuse of process claim, defendants satisfied their burden by submitting the transcript of the evidentiary hearing on the motion to impose sanctions for noncompliance with the discovery order.

In any event, plaintiff's claim fails because the allegations of her complaint failed to state a legally sufficient claim for abuse of process, notwithstanding any disputed factual issues. Thus, the outcome of this case is the same, regardless of whether the trial court granted summary disposition pursuant to MCR 2.116(C)(8) for failure to state a claim or pursuant to MCR 2.116(C)(10) because there was no *material* issue of fact and defendants were entitled to judgment as a matter of law.

provided by rule and until the record is filed in the Court of Appeals, the trial court or tribunal has jurisdiction

(1) to grant further time to do, properly perform, or correct any act in the trial court or tribunal in connection with the appeal that was omitted or insufficiently done, other than to extend the time for filing a claim of appeal or for paying the entry fee or to allow delayed appeal;

(2) to correct any part of the record to be transmitted to the Court of Appeals, but only after notice to the parties and an opportunity for a hearing on the proposed correction.

After the record is filed in the Court of Appeals, the trial court may correct the record only with leave of the Court of Appeals.

Consistent with the foregoing, it has been held that the filing of a claim of appeal divests the circuit court of its jurisdiction. *Moffit v Sederlund,* 145 Mich App 1, 7; 378 NW2d 491 (1985), lv den 425 Mich 860 (1986). We conclude that the trial court's order awarding costs and attorney fees was, in actuality, an amendment of the final order granting summary disposition. Unlike the trial court's judgment in *Lincoln v Gupta,* 142 Mich App 615, 630-631; 370 NW2d 312 (1985), lv den 424 Mich 874 (1986), the trial court here did not indicate that it would award costs and attorney fees in its original order, and the subsequent order was not a "ministerial task of documenting the costs and fees." *Id.,* 631.

The circuit court's order of summary disposition is affirmed (Docket No. 88107). The order awarding costs and attorney fees is reversed without prejudice to defendants' right to renew their motion for costs and fees on remand (Docket No. 89023).

Affirmed in part and reversed in part. We do not retain jurisdiction.