**DIRECTV, Plaintiff,**

v.

**Carol ZINK, Defendant.**

No. 03–CV–70893.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 8, 2003.

Norman C. Ankers, Bradley H. Darling, Honigan, Miller, Detroit, MI, for Plaintiff Counsel.

John T. Hermann, Berkley, MI, for Defendant Counsel.

## OPINION AND ORDER

FEIKENS, District Judge.

Defendant Zink brings the following eight counterclaims against DirecTV: extortion and conspiracy to commit extortion in violation of federal law; violation of State and Federal debt collection statutes; violation of Racketeer Influenced and Corrupt Organizations Act (RICO); engaging in deceptive trade practices; fraud and misrepresentation; defamation; and abuse of process. Plaintiff moves to dismiss all counterclaims. F.R.C.P. 12(b)(6).

I now consider plaintiff's motion to dismiss the abuse of process counterclaim. Plaintiff DirecTV moves for dismissal of the abuse of process counterclaim on the grounds that (1) the Noerr–Pennington doctrine protects its attempt to litigate, and (2) defendant failed to plead with particularity an ulterior motive or a sufficient improper action. Pl. Mt. to Dismiss. 11–16. For the following reasons, I dismiss the abuse of process counterclaim without prejudice.

## I. Analysis

A party may bring a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted. A motion to dismiss may be granted under Fed.R.Civ.P. 12(b)(6), "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In reviewing the motion, courts must construe the complaint in the light most favorable to a non-moving party, accept all of the complaint's factual allegations as true, and determine whether the non-moving party can prove no set of facts in support of his claim that would entitle him to relief. *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir.2001).

### A.

■ The Noerr–Pennington doctrine privileges activities protected by the First Amendment's petition clause, including petitions to courts, and ensures these activities cannot be the basis for violations of anti-trust and other laws. *E. R.R. Presidents' Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); *United Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965); *Prof'l Real Estate Investors (PREI) v. Columbia Pictures,* 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). Plaintiff argues that defendant's counterclaim of abuse of process should be barred by application of this doctrine. Defendant argues that if the doctrine applies, this case falls under the doctrine's exception for "sham" petitioning of the government. (Def.Br.15.)

■ I do not have to decide whether this case falls within the exception for "sham" petitioning, because I conclude the Noerr–Pennington doctrine does not apply to abuse of process claims under Michigan state law. The purpose of the Noerr–Pennington doctrine is to protect the right to petition the courts from the chilling effect that would result if bringing a reasonable lawsuit could violate the law. *Cal. Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642

(1972). The Noerr–Pennington doctrine draws explicitly on jurisprudence for the common-law tort of wrongful civil proceedings, which is focused on the instigation of unreasonable proceedings.[1] *Prof'l Real Estate Investors v. Columbia Pictures*, 508 U.S. 49, 62, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993); 2 Dan B. Dobbs, *The Law of Torts* § 436 (2001).

■ In contrast, the abuse of process tort in Michigan law addresses *subsequent* misconduct or abuse of proceedings, which occurs after the process has been initiated. *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585, 595 (1981). Plaintiff cites *Pennwalt Corp v. Zenith Laboratories, Inc.* for the proposition that the Noerr–Pennington doctrine can apply to block abuse of process claims. 472 F.Supp. 413 (E.D.Mich.1979), appeal dismissed, 615 F.2d 1362 (6th Cir.1980). However, *Pennwalt* predated the Michigan Supreme Court's decision in *Friedman*, which clarified the scope of the tort under Michigan law. 412 Mich. 1, 312 N.W.2d 585. *Pennwalt* appears to rely on the now-outdated assumption that Michigan's abuse of process tort encompassed the instigation of a lawsuit. 472 F.Supp. 413 at 424.

Furthermore, declining to apply the Noerr–Pennington's protection to subsequent abuses does not harm plaintiff's First Amendment right to petition the courts, because it does not discourage the plaintiff from bringing the original suit. Moreover, it protects the defendant's equal First Amendment rights to petition the courts. For instance, if the Noerr–Pennington doctrine immunized all conduct in a suit as long as the original complaint was not objectively groundless, the defendants could not petition a court for relief if the plaintiffs (who made a reasonable claim themselves) then abused the discovery process to obtain documents for objectives unrelated to the litigation at hand. It was these types of abuses, which were beyond the scope of the original tort of wrongful civil litigation, that led to the creation of the abuse of process tort as a separate cause of action. 2 Dan B. Dobbs, *The Law of Torts* § 438 (2001). Since petitioning courts to enforce the law is a protected right for all, applying the Noerr–Pennington doctrine in the situation described above would infringe on the defendant's right to petition the courts in the name of protecting an activity not truly part of the plaintiff's petition.

Therefore, because the Supreme Court's descriptions of the Noerr–Pennington doctrine and its exception pertain to acts the Michigan courts now consider to be beyond the scope of an abuse of process claim, I hold that the Noerr–Pennington doctrine cannot act to bar an abuse of process claim.

### B.

■ To properly allege abuse of process, a party must plead 1) an ulterior purpose and 2) an act that is improper in the regular prosecution of the proceeding. *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585 (1981), (citing *Spear v. Pendill*, 164 Mich. 620, 130 N.W. 343 (1911)); *Young v. Motor City Apartments Ltd. Dividend Hous. Ass'n*, 133 Mich.App. 671, 350 N.W.2d 790 (1984). The ulterior purpose must be demonstrated by a corrobo-

1. The majority's opinion in *PREI v. Columbia* makes it clear that the standards for Noerr–Pennington protection are drawn directly from wrongful civil proceedings jurisprudence. "The notion of probable cause, as understood and applied in the common-law tort of wrongful civil proceedings..." 508 U.S. 49, 62, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). In stating the rule, the Court also explicitly defines the state of litigation to which this standard applies. "Probable cause *to institute* civil proceedings requires no more than..." [emphasis mine]. *Id.*

rating act that is alleged with specificity; bad motive alone is insufficient proof. *Vallance v. Brewbaker,* 161 Mich.App. 642, 411 N.W.2d 808 (1987); *Young v. Barker,* 158 Mich.App. 709, 405 N.W.2d 395 (1987).

 Here, defendant fails to plead an act in the use of the process that is improper in the regular prosecution of the proceeding. Defendant alleges only that plaintiff initiated the case in order to extort money from defendant. As *Friedman* makes clear, an abuse of process action is only appropriate "for the improper use of process after it has been issued, not for maliciously causing it to issue." 412 Mich. 1, 312 N.W.2d 585 at 595.

*Young v. Motor City* was an abuse of process claim with allegations analogous to those here. The bad motive was "an intent to coerce and extort payment," with the claimant further alleging that the opposing party "instituted the action for damages for the malicious and ulterior purpose of causing [ . . . ] so much expense and trouble in defending it that plaintiff would be forced to give up or at least be frustrated in pursuing its legitimate activities." *Motor City* held that since such objectives are similar to those normally sought in lawsuits namely, payment of damages and discouragement of similar future conduct the claim was not properly supported. 133 Mich.App. 671, 350 N.W.2d 790 (1984). Defendant's pleading suffers from the same problem; it fails to allege that the money plaintiff seeks is unrelated to the alleged damages. Therefore, defendant fails to allege sufficient facts to sustain a claim of abuse of process.

## II. Conclusion

Plaintiff's motion to dismiss the abuse of process counterclaim is granted. The abuse of process claim is dismissed without prejudice.

**IT IS SO ORDERED.**