NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0273n.06

No. 09-1538

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 13, 2012*

LEONARD GREEN, Clerk

DANIEL HORACEK,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　 )
　　　Plaintiff-Appellant,　　　　　　 )
　　　　　　　　　　　　　　　　　　 )　　ON APPEAL FROM THE UNITED
v.　　　　　　　　　　　　　　　　　 )　　STATES DISTRICT COURT FOR
　　　　　　　　　　　　　　　　　　 )　　THE EASTERN DISTRICT OF
JOHN NEPH,　　　　　　　　　　　　 )　　MICHIGAN
　　　　　　　　　　　　　　　　　　 )
　　　Defendant-Appellee.　　　　　　 )

BEFORE: KEITH, MARTIN, and BOGGS, Circuit Judges.

PER CURIAM. Daniel Horacek appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. Horacek also alleged various supplemental state law claims.

In June 2005, a breaking and entering occurred at a business owned by Franciscus DeRaad. Several items, including three checkbooks, were stolen. On June 16, 2005, one of DeRaad's stolen personal checks was cashed at a branch of Citizens Bank in Rochester Hills, Michigan. The check was made payable to "Gary Lee Roberts" and endorsed by "Gary Roberts." On June 24, 2005, Horacek was arrested on unrelated charges following a high speed car chase. Officers found in his vehicle several checks that had been stolen during the breaking in of DeRaad's business. Some of the checks were made payable to Horacek, while others were blank, except for a partial signature of DeRaad's name.

John Neph was the detective assigned to investigate the break-in at DeRaad's business. After Horacek's arrest, Neph interviewed Lakena Jones, the bank teller who processed the transaction

involving the stolen check, and Allison Gabler, the assistant manager who approved the transaction. Neph learned that the bank had a videotape of the transaction. Neph claimed that he interviewed Horacek in the Oakland County (Michigan) Jail and that Horacek admitted to cashing the stolen check. The Oakland County prosecutor sought a warrant for Horacek's arrest, alleging that he committed the crime of uttering and publishing by cashing the stolen check.

On July 14, 2005, Neph appeared at a "swear-to" hearing and testified under oath concerning the request for a warrant. Neph testified that checks stolen from DeRaad's business were found in Horacek's vehicle, that Horacek confessed to the crime, that Gabler identified Horacek as the person who cashed the stolen check, and that he had personally viewed the video showing Horacek cashing the stolen check. The court found sufficient evidence to authorize the request for a warrant on one count of uttering and publishing. At the subsequent preliminary hearing, Neph acknowledged that, during the swear-to hearing, he mistakenly testified that the stolen check was made payable to Horacek and endorsed by Horacek (although no such testimony appeared in the transcript of the swear-to hearing). It was also established that both Gabler and Jones failed to identify Horacek in a lineup. Further, the evidence showed that the bank had destroyed the stolen check and the video recording of the crime. The court dismissed the uttering and publishing charge against Horacek, concluding that the prosecution had failed to establish probable cause.

Horacek filed his § 1983 action against Neph, alleging that Neph knowingly gave false testimony during the criminal proceedings and that Neph did so to retaliate against Horacek for filing a lawsuit against Neph's co-workers. Neph moved for summary judgment, and Horacek filed a response, asserting the following claims: 1) false arrest and imprisonment; 2) intentional infliction of emotional distress; 3) malicious prosecution; 4) abuse of process; 5) violation of his due process rights; and 6) retaliation. Upon de novo review of a magistrate judge's report, the district court granted summary judgment to Neph. On appeal, Horacek reasserts his claims and argues that the district court failed to correctly apply the summary judgment standard.

The district court's grant of summary judgment to Neph is reviewed de novo. *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view "the evidence and reasonable inferences therefrom in the light most favorable to the non-moving party." *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (internal quotation marks omitted).

To prevail on a false arrest or imprisonment claim under § 1983 and Michigan law, a plaintiff must prove that his arrest was not supported by probable cause. *See Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (federal law); *Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351, 362 (Mich. Ct. App. 2003) (state law). When the arrest was based on a facially valid warrant, the plaintiff must establish that the judge who issued the warrant would not have done so "without the allegedly false material." *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003).

We conclude that a genuine dispute of material fact exists as to whether Neph's testimony in support of the arrest warrant included statements made with deliberate or reckless disregard for the truth. Neph made two significant misstatements at the swear-to hearing. First, he testified that Gabler identified Horacek as the perpetrator, while the evidence demonstrates that neither Gabler nor Jones did so. Second, Neph testified that he viewed the video recording of the crime and saw that Horacek was the perpetrator, when, in fact, he had not viewed the video. Additionally, Horacek denied Neph's claim that he confessed to the crime, asserting in a sworn affidavit that the interview never took place. Horacek's affidavit cannot be discounted at the summary judgment stage of the proceeding. *See Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010). Absent the disputed statements, there was insufficient evidence to establish probable cause to believe that Horacek cashed the stolen check. *See Sykes*, 625 F.3d at 306. Thus, the district court erred by granting summary judgment to Neph on Horacek's claims of false arrest and false imprisonment. Further, the existence of a genuine issue of material fact concerning whether Neph intentionally made false statements to establish probable cause precludes summary judgment on Horacek's malicious

prosecution claim, *see Adams v. Metiva*, 31 F.3d 375, 388 (6th Cir. 1994), intentional infliction of emotional distress claim, *see Ahlers v. Schebil*, 188 F.3d 365, 375 (6th Cir. 1999), and Fourteenth Amendment due process claim. *See Draw v. City of Lincoln Park*, 491 F.3d 550, 555 (6th Cir. 2007).

The district court also erred in granting summary judgment to Neph on Horacek's First Amendment retaliation claim. A retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In his verified complaint, Horacek alleged that he previously sued several of Neph's co-workers and that, when he confronted Neph about his actions in this case, Neph became enraged and yelled that he was going to make Horacek pay for suing his co-workers. This evidence, viewed in the light most favorable to Horacek, is sufficient to create a genuine dispute as to whether Neph testified falsely against him based, at least in part, on Horacek engaging in the protected activity of filing a lawsuit. *See Kennedy v. City of Villa Hills, Ky.*, 635 F.3d 210, 218-19 (6th Cir. 2011).

However, the district court properly granted summary judgment to Neph on Horacek's abuse of process claim. To prevail on an abuse of process claim, Michigan law requires that "a plaintiff must plead and prove (1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of the proceeding." *Bonner v. Chicago Title Ins. Co.*, 487 N.W.2d 807, 812 (Mich. Ct. App. 1992). Horacek failed to present evidence showing that Neph used a proper legal procedure for a purpose collateral to the intended use of that procedure. Neph's retaliatory motive for giving false testimony is insufficient to sustain a claim of abuse of process. *See id.*; *Young v. Motor City Apartments Ltd. Dividend Hous. Ass'n No. 1 & No. 2*, 350 N.W.2d 790, 795 (Mich. Ct. App. 1984).

Accordingly, we affirm the grant of summary judgment as to Horacek's claim of abuse of process and reverse the grant of summary judgment as to Horacek's remaining claims. We remand the case to the district court for further proceedings consistent with this opinion.