GEORGES v. BALLARD

1. APPEAL AND ERROR—CHANCERY CASES—FINDINGS.
   Findings of the trial judge in equity cases are not disturbed unless, after an examination of the record, the appellate court would have arrived at a different result had it been in the position of the trial judge.

2. JOINT ADVENTURES—ELEMENTS—DEFINITION.
   A joint adventure is a single enterprise, jointly undertaken, to carry out a single project for profit.

3. JOINT ADVENTURERS—APPEAL AND ERROR—CHANCERY CASES—INTENTION OF PARTIES.
   The intention of the parties is controlling in determining disputes in chancery between joint adventurers.

4. JOINT ADVENTURES—FIDUCIARY RELATIONSHIP.
   Joint adventurers stand in a fiduciary relationship with each other.

5. JOINT ADVENTURES—FIDUCIARY RELATIONSHIP—REAL PROPERTY—CONSTRUCTIVE TRUST.
   Joint adventurers in the development of real property have a duty to work solely for the interest of the adventure as far as the titleholder of real property which is the subject of a joint adventure may be charged as a constructive trustee where he violates his obligation by attempting to mortgage the property for his own benefit.

Appeal from Cheboygan, Edward H. Fenlon, J. Submitted Division 3 December 2, 1969, at Grand

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal & Error § 839 et seq.
[2] 46 Am Jur 2d, Joint Ventures § 1.
[3] 46 Am Jur 2d, Joint Ventures § 9.
[4, 5] 46 Am Jur 2d, Joint Ventures § 50.

Rapids.   (Docket No. 6,628.)   Decided December 8, 1969.

Complaint by Jack R. Georges against Lawrence Ballard and Frances A. Ballard to establish a constructive trust and for an equitable lien on defendant's property.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*John A. Cain,* for plaintiff.

*Zerafa & Zerafa,* for defendants.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM.   This is an appeal from a decision of the Cheboygan circuit court, granting the plaintiff a constructive trust and equitable lien on the defendants' property.

Defendants, in 1957, were owners as tenants by the entireties of a parcel of land in Cheboygan county, Michigan.   During the spring of 1957, the parties to this appeal entered into a transaction whereby a residence would be built on land owned by defendants, to make it more salable.

Plaintiff claims that the defendants were to furnish the labor and plaintiff would supply the funds. It is defendants' assertion that the agreement between the parties was strictly for a loan of money, but at no time, either during the preliminary discussion of the transaction or when the advances of money were being made, did the parties discuss a rate of interest, or a limitation of time, or a time certain when the plaintiff was to be repaid, although the record indicated that the plaintiff was to receive his money when the house was sold.

The building was substantially completed in the late fall of 1957, and in order to maintain heat in the house and preserve the wet plaster, the defendants moved into the house, with the plaintiff's approval. They resided there continuously from that time until the date of trial. Defendants offered the house for sale at a price of $27,500, but no sale was ever consummated. Defendants, during the months of February and early March, 1965, attempted to obtain a loan in an amount of $10,000 to $12,500, secured by a mortgage on the premises. When these attempts to mortgage the property came to the plaintiff's attention, suit was instituted to impress a constructive trust and equitable lien on the land and the building belonging to the defendants. The circuit court granted the constructive trust and equitable lien, and the owners of the property have appealed.

The only question presented to us on appeal is whether the trial court erred in impressing a constructive trust and equitable lien on defendants' real estate.

An appellate court will not disturb the determinations made by the trial court in an equity case, unless it would have reached a different result, had it been sitting in the position of the trial judge. *Gunn* v. *Delhi Township* (1967), 8 Mich App 278, 288. It is clear that there appear to be all the elements of a joint adventure: namely, a single enterprise, jointly undertaken, to carry out a single project for profit. *Hathaway* v. *Porter Royalty Pool, Inc.* (1941), 296 Mich 90. There was contribution to the project by both parties; plaintiff contributed money and time, and the defendants contributed land, supervision and labor. It is of primary importance that the intention of the parties is a controlling determinative feature. *Hathaway, supra.* Here, there was

no writing, nor was there any stated interest rate or due date. This, again, serves as evidence of their mutual intent.

Defendants' attempt to mortgage the premises in the early part of 1965 was a disregard of plaintiff's investment and the agreement of the parties to sell the property. It would be fraudulent as to the plaintiff, and result in an unjust enrichment of the defendants. Since ample evidence was advanced to support a finding that a joint adventure existed, a constructive trust was resorted to, to ascertain the equitable rights of the parties. The trial court can grant relief in such a situation because of the apparent attempted fraud and injustice, and the absence of adequate remedy at law. *Backus* v. *Backus* (1919), 207 Mich 690. It is an oft-repeated proposition that joint adventurers stand in a fiduciary relationship to one another. It is their duty to work solely for the interests of the adventure as far as the property is concerned, and they may be charged as constructive trustees if they violate this obligation. *Dayvault* v. *Baruch Oil Corp.* (CA10, 1954), 211 F2d 335; *Backus* v. *Backus, supra; Wier* v. *Union Trust Co.* (1915), 188 Mich 452; *Stephenson* v. *Golden* (1937), 279 Mich 710.

For the above reasons, it follows that the title-holder to joint adventure property should not be allowed to mortgage the property for his own private advantage without the consent of the other joint adventurer. The lower court properly imposed a constructive trust on the joint adventure property.

Affirmed. Costs to plaintiff.