NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0311n.06

No.  12-1515

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 28, 2013*
DEBORAH S. HUNT, Clerk

RONDIGO, L.L.C.; DOLORES MICHAELS, aka )
Nicolina A. Michaels; and RENEE MICHAELS, )
                                          )
        Plaintiffs/Appellants,            )
                                          )   ON APPEAL FROM THE UNITED
v.                                        )   STATES DISTRICT COURT FOR
                                          )   THE EASTERN DISTRICT OF
TOWNSHIP OF RICHMOND, MICHIGAN, et al.,   )   MICHIGAN
                                          )
        Defendants/Appellees.             )

Before:  GIBBONS, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge.  Rondigo, LLC, Dolores Michaels, and Renee Michaels allege in this suit that state and local authorities in Michigan, along with private citizens, conspired to prevent the plaintiffs from composting on their farm and violated their constitutional rights in the process.  The district court dismissed the complaint.  We affirm.

I.

Rondigo, LLC is a Michigan limited liability company owned by Dolores Michaels and operating in Macomb County.  Since 2004, Rondigo and Michaels have operated a farm in Richmond Township.  In February 2006, the plaintiffs began composting on the farm and started constructing a driveway that would facilitate composting.  Gordon Furstenau, the Supervisor for the Richmond Township, issued a stop-work order.  In addition, the Township filed suit in state court

to enjoin the driveway's construction, asserting that it violated several zoning ordinances. The state court issued a temporary injunction barring construction while the suit was pending.

Thereafter, the Michigan Department of Agriculture received complaints from the plaintiffs' neighbors about the farm's odor. The Department inspected the farm in October 2006 and informed the plaintiffs that they needed to submit a compost operations plan by December 2006. In January 2007, the Department inspected the farm again and found that the plaintiffs were stockpiling leaves. The Department advised the plaintiffs to remove the piles because runoff from the leaves could negatively impact the area's groundwater. But the plaintiffs did not remove the leaves, allegedly because they could not do so without first constructing the driveway.

In April 2007, the Department sent another letter saying that it would refer the matter to the Michigan Department of Environmental Quality if the plaintiffs did not remove the leaves. The plaintiffs then filed an emergency motion with the state court to lift the temporary injunction. The court granted the motion, but the plaintiffs did not move the leaves. The Department referred the matter to the MDEQ, which later observed that the plaintiffs continued to stockpile leaves.

In January 2008, the plaintiffs filed this action against Richmond Township, Furstenau, the Four Township Citizens' Coalition, more than twenty Macomb County residents, two Department employees, and three MDEQ employees. The plaintiffs asserted five claims: (1) a 42 U.S.C. § 1983 claim that the defendants violated the plaintiffs' constitutional rights; (2) a 42 U.S.C. § 1985(3) claim that the defendants conspired to deprive the plaintiffs of their constitutional rights; (3) a 42 U.S.C. § 1986 claim that the defendants knowingly failed to prevent the violation of the plaintiffs' constitutional rights; (4) a civil-conspiracy claim under Michigan state law; and (5) a defamation

claim under Michigan state law. In addition, the plaintiffs asserted that the Richmond Township's zoning ordinances are unconstitutionally vague.

Each defendant filed a motion to dismiss the plaintiffs' claims on various grounds. The district court granted each motion and dismissed all claims. The plaintiffs now appeal.

## II.

The plaintiffs first argue that the district court erred in holding that res judicata bars their claims against the Richmond Township and Furstenau. We review de novo the district court's determination. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

State rules of claim preclusion apply to determine the preclusive effect of a prior state-court action. *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Under Michigan law, res judicata bars an action if it involves the same parties as a prior action and the matter contested was or could have been resolved in the prior action. *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001) (quoting *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999)). Michigan courts broadly apply res judicata and bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (quoting *Dart v. Dart*, 597 N.W.2d at 88 (Mich. 1999)).

Here, the plaintiffs could have asserted their claims against the Township and Furstenau as counterclaims in state court. In fact, the plaintiffs raised many of their claims as affirmative defenses to the Township's complaint, but chose not to pursue those defenses. Moreover, the claims litigated in state court and the claims presented here arise from the same events, specifically the Township and Furstenau's efforts to prevent the plaintiffs from constructing a driveway. Res judicata therefore

precludes the plaintiffs from asserting their claims against the Township and Furstenau because a diligent plaintiff could have raised these claims in the previous state action.

The plaintiffs next argue that the district court erred by dismissing their § 1983 claims against the Four Township Citizens' Coalition and the Macomb County residents. But it is clear that the plaintiffs cannot maintain a § 1983 action against these defendants because they are not state actors. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). In addition, the plaintiffs did not appeal the dismissal of their § 1985(3) or § 1986 claims against these defendants. They have therefore waived these claims. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006). The plaintiffs do appeal dismissal of their state-law claims, but only argue that the district court could not dismiss them because the defendants did not move for dismissal. A district court can, however, *sua sponte* dismiss claims where it gives notice of its intent to do so, the plaintiffs have an opportunity to show why dismissal is not warranted, and the district court spells out its reasons for dismissing the case. *See Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). The plaintiffs did not address the merits of their state-law claims and therefore failed to develop their argument against dismissal. As a result, the plaintiffs have waived these claims as well. *See United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010).

Finally, the plaintiffs argue that the district court erred by dismissing their defamation and civil-conspiracy claims against the Department and MDEQ defendants. We review de novo the district court's determination. *See Nichols v. Moore*, 477 F.3d 396, 398 (6th Cir. 2007).

To assert a defamation claim, the plaintiff must allege that the defendant made a false and defamatory statement about the plaintiff. *Mitan v. Campbell*, 706 N.W.2d 420, 421 (Mich. 2005).

But a qualified privilege protects the defendant from the defamation claim if the defendant had an interest or duty to make the statement to someone having a corresponding interest or duty. *Dadd v. Mount Hope Church*, 780 N.W.2d 763, 766–67 (Mich. 2010). For example, the privilege protected members of a church that wrote a letter containing defamatory statements about a former pastor to members of another church. *Id.* (citing *Konkle v. Haven*, 103 N.W. 850 (Mich. 1905)).

Here, the plaintiffs did not allege that Ann Hokanson, a MDEQ defendant, made any statements. The plaintiffs therefore did not allege a defamation claim against her. The plaintiffs did allege that the other four defendants made defamatory statements to state employees and to the plaintiffs' neighbors. But the defendants made these statements while investigating complaints about the farm. The defendants had an interest, if not a duty, to communicate with their co-workers and the plaintiffs' neighbors to facilitate the investigation. And the employees and neighbors had a shared interest in the investigation. The plaintiffs did not overcome the qualified privilege by demonstrating actual malice. *Id.* at 771; *Hall v. Pizza Hut of Am., Inc.*, 396 N.W.2d 809, 814 (Mich. Ct. App. 1986). The qualified privilege therefore protects the defendants from the plaintiffs' defamation claims.

The only remaining claims against these defendants are the state-law civil conspiracy claims. But a civil-conspiracy claim cannot "exist in the air." *Early Det. Ctr., P.C. v. New York Life Ins. Co.*, 403 N.W.2d 830, 836 (Mich. Ct. App. 1986). The plaintiffs must prove a separate, underlying tort. *See id.* The plaintiffs cannot maintain their civil conspiracy claims here because there are no other claims left in this suit.

We therefore affirm dismissal of the plaintiffs' complaint.