# STATE OF MICHIGAN

# COURT OF APPEALS

LUCRETIA D. HOLLIDAY,

Plaintiff-Appellant,

v

CHRISTOPHER MULLETT, also known as
CHRISTIAN K. MULLETT, and ORLANS
ASSOCIATES,

Defendants-Appellees.

UNPUBLISHED
October 13, 2016

No. 327892
Oakland Circuit Court
LC No. 2015-145694-CZ

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Lucrieta D. Holliday, appeals as of right the circuit court's June 2, 2015 order granting summary disposition to defendants, Christopher Mullett (also known as Christian K. Mullett) and Orlans Associates pursuant to MCR 2.116(C)(10). We affirm.

When a party moves for summary disposition pursuant to MCR 2.116(C)(10), a circuit court may grant the motion when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We review de novo a circuit court's ruling on a motion for summary disposition. *Oliver v Smith*, 269 Mich App 560, 563; 715 NW2d 314 (2006).

This lawsuit arises out of eviction proceedings stemming back to 2012. Plaintiff defaulted on her mortgage, and foreclosure-by-advertisement proceedings commenced on her property. Wells Fargo Bank, N.A., acquired the property through a sheriff's sale as the highest bidder. Defendants, representing Wells Fargo, then filed summary eviction proceedings in the district court, seeking possession of plaintiff's property. Plaintiff filed numerous pleadings and motions in many courts in hopes of stopping the impending eviction. Eventually, in December 2013, Wells Fargo quitclaimed its interest in the property to Vantium R.E.O. Capital Markets, L.P. Nearly one year later, in November 2014, Vantium quitclaimed its interest in the property to Strategic Realty Fund, LLC. The quitclaim deed transferring the property from Vantium to Strategic Realty was drafted by defendant Mullett.

-1-

Despite the transfer in interest, Wells Fargo, represented by defendants, continued to prosecute the eviction action. They filed a motion for a writ of restitution in the district court, and a motion hearing was held on December 5, 2014. At that hearing, plaintiff raised the issue of whether defendant Mullett actually represented the current owner of the property in light of the fact that Wells Fargo's interest had been transferred. Defendant Mullett stated on the record that Vantium paid defendants' legal bills to continue the eviction proceeding and that, after Vantium transferred the property to Strategic Realty, Strategic Realty elected that defendants proceed with the action. At the conclusion of the hearing, the circuit court found that defendants had the right to proceed with the eviction process. The circuit court then entered an order for a writ of restitution to issue on January 4, 2015.

One month later, in February 2015, plaintiff filed this lawsuit against defendants in propria persona, alleging fraud and severe emotional distress based primarily on the continued prosecution in the name of Wells Fargo despite its lack of interest in the property. Plaintiff sought a temporary restraining order prohibiting her eviction from the property. The circuit court granted plaintiff the temporary restraining order while the matter was pending.

On March 25, 2015, defendants filed a motion for summary disposition, requesting that the case be dismissed pursuant to MCR 2.116(C)(8) or (C)(10). Defendants argued that the action appeared to be another attempt by plaintiff to avoid eviction. They also argued that defendant Mullett had not made a material misrepresentation to the district court to establish a claim of fraud because defendant Mullett had the authority to represent the owner of the property pursuant to MCR 2.202(B), which governs the substitution of parties where there is a transfer of interest. Defendants additionally argued that plaintiff failed to show that she suffered any injury arising out of defendants' representations or that defendants' actions were sufficiently outrageous to support a claim for intentional infliction of emotional distress. Plaintiff opposed the motion for summary disposition, arguing that it was premature because discovery had not been completed.

At a summary-disposition hearing on May 20, 2015, the circuit court dismissed the case pursuant to MCR 2.116(C)(10). The circuit court found that, even when viewing the allegations in a light most favorable to plaintiff, there was no fraud related to the eviction proceeding. The circuit court additionally found that plaintiff could not sustain her claim for intentional infliction of emotional distress because MCR 2.202(B) allowed Wells Fargo to continue as the original plaintiff in the eviction proceedings despite transferring its interest in the property. This appeal followed.

At the outset, we conclude that plaintiff has abandoned her argument on appeal. Stated simply, plaintiff has not cited to any legal authority in support of her claims. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for his claims . . . nor may [she] give issues cursory treatment with little or no citation of supporting authority." *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003); see also *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("[W]here a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned."). Without providing legal support, plaintiff merely announces her position that defendants committed fraud by continuing to pursue the eviction action after Wells Fargo transferred its interest in the property. Accordingly, her argument is abandoned.

Moreover, even if we do not treat her argument on appeal as abandoned, we nevertheless conclude that it lacks merit because the circuit court did not err in granting summary disposition to defendants. MCR 2.201(B) requires that an action be "prosecuted in the name of the real party in interest." This Court has described the term "real party in interest" as follows:

> A real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another. This standing doctrine recognizes that litigation should be *begun* only by a party having an interest that will assure sincere and vigorous advocacy. [*Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013) (citation and internal quotation marks omitted; emphasis added).]

MCR 2.202(B) governs a transfer of change in interest, stating, in relevant part, as follows:

> If there is a change or transfer of interest, the action may be continued by or against the original party in his or her original capacity, unless the court, on motion supported by affidavit, directs that the person to whom the interest is transferred be substituted for or joined with the original party, or directs that the original party be made a party in another capacity.

MCR 2.202(B), therefore, "allow[s] a preexisting action to proceed with or without a substitution of parties." *Eller v Metro Indus Contracting, Inc*, 261 Mich App 569, 575; 683 NW2d 242 (2004); see also *Church & Church, Inc v A-1 Carpentry*, 281 Mich App 330, 338; 766 NW2d 30 (2008).

Here, defendants, representing Wells Fargo, initiated the eviction proceedings after Wells Fargo purchased plaintiff's property at the sheriff's sale. Thus, the litigation was initiated by a party having an interest in the property. See *Barclae*, 300 Mich App at 483. Although Wells Fargo later transferred that interest, there was never a motion for substitution or joinder filed for either Vantium or Strategic Realty to substitute for or join with Wells Fargo as the original party to the action. Consequently, MCR 2.202(B) permitted defendants to continue the eviction action in Wells Fargo's name. Moreover, defendants advised the circuit court of the transfer of interest in the property and that the property owner elected defendants to continue prosecuting the eviction action. Plaintiff has not established that defendants made any false and material representations that she relied upon or that caused her injury. See *Roberts v Saffell*, 280 Mich App 397, 403; 760 NW2d 715 (2008). Therefore, her fraud claim fails as a matter of law.

Similarly, plaintiff cannot establish a claim of intentional infliction of emotional distress as a matter of law. To establish such a claim, a plaintiff must prove "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v Ford*, 237 Mich App 670, 674; 604 NW2d 713 (1999). Liability is only found "where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. Defendants' actions in this case cannot be considered outrageous or extreme. Defendants continued to represent Wells Fargo in the eviction proceedings as permitted by MCR 2.202(B). "[B]y resorting to a court of law for the resolution of [Wells Fargo's] dispute with" plaintiff, defendants "followed what a civilized society would consider

the most appropriate form of conduct." *Early Detection Center, PC, v New York Life Ins Co*, 157 Mich App 618, 627; 403 NW2d 830 (1986). Therefore, plaintiff's intentional infliction of emotional distress claim also fails as a matter of law.

Finally, plaintiff asserts that defendants "breached a legal duty owed to" her, which caused her actual harm. Plaintiff references several injuries from which she suffered, including a cervical herniated disk, a closed head injury, discomfort, and pain. However, plaintiff fails to articulate what duty defendants actually owed to her. Defendants represented Wells Fargo, not plaintiff. Attorneys do not owe a duty of care to their clients' adversaries. See *Friedman v Dozorc*, 412 Mich 1, 23, 25; 312 NW2d 585 (1981) ("[T]he public policy of maintaining a vigorous adversary system outweighs the asserted advantages of finding a duty of due care to an attorney's legal opponent.").

Accordingly, defendants were entitled to summary disposition under MCR 2.116(C)(10), and the circuit court did not err in dismissing this case.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien