**Barbara Ann HARBIN, Plaintiff,**

v.

**SUN LIFE ASSURANCE CO. OF CANADA, Defendant.**

No. 88 C 9748.

United States District Court, N.D. Illinois, E.D.

May 2, 1989.

Cindy Van Ryn, O'Callaghan & Associates, P.C., Chicago, Ill., for plaintiff.

Joseph J. Hasman, Ernest W. Irons and Sherri L. Giffin, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

ORDER

BUA, District Judge.

Plaintiff Barbara Ann Harbin brought this suit claiming that defendant Sun Life Assurance Company of Canada ("Sun Life") breached its insurance contract with her deceased husband, Raymond Harbin. Plaintiff claims that after her husband died, Sun Life failed to pay her the proceeds due to her as beneficiary of an insurance policy which Sun Life had issued to her husband. Sun Life, claiming that the undisputed facts establish that no insurance policy was ever issued to Mr. Harbin, has moved for summary judgment.

The sole issue in this case is whether the Sun Life insurance policy for which Mr. Harbin applied ever became effective. Under Illinois law, parties to an application for insurance are competent to make any provision for the effective date of insurance. *Lentin v. Continental Assurance Co.*, 412 Ill. 158, 163, 105 N.E.2d 735, 737 (1952); *National Can Corp. v. Industrial Commission*, 148 Ill.App.3d 1079, 1085, 102 Ill.Dec. 544, 548, 500 N.E.2d 437, 441 (1986). Where an application for life insurance states that no life insurance will take effect until the issuance of a policy, that provision controls. *Reynolds v. Guarantee Reserve Life Ins. Co.*, 44 Ill.App.3d 764, 3 Ill.Dec. 397, 400, 358 N.E.2d 940, 943 (1976). In the instant case, the application for life insurance submitted by Mr. Harbin expressly states: "No insurance requested in this application will be effective until a policy is issued and Sun Life has received the balance of any premiums owed, except

as provided in the Temporary Life Insurance Agreement." It is undisputed that no insurance policy was ever issued to Mr. Harbin. According to Sun Life's Rule 12(*l*) statement of material facts, it is also undisputed that Sun Life never issued a temporary life insurance agreement to Mr. Harbin. Therefore, under the plain terms of the application, no Sun Life insurance ever took effect.

■ Plaintiff appears to suggest in her response to Sun Life's motion for summary judgment that a temporary life insurance agreement was issued and that the agreement provided coverage to Mr. Harbin. However, since plaintiff failed to file any statement of material facts contradicting Sun Life's 12(*l*) statement, plaintiff has waived any opportunity to contest the facts contained in Sun Life's factual statement. Local Rule 12(m), Rules of the United States District Court for the Northern District of Illinois. Moreover, even if a temporary life insurance agreement was issued to Mr. Harbin, no insurance coverage could have taken effect. The "Start of Coverage" provision in Sun Life's standard Temporary Life Insurance Agreement provides that coverage begins "on the date you select in this Application as the due date for the first premium payment." In Mr. Harbin's application, he selected the "date of issue" as the due date for the first premium. Since no policy was ever issued to Mr. Harbin, no temporary life insurance could ever have taken effect.

Plaintiff also argues that the policy became effective because Mr. Harbin actually made two premium payments which were accepted by Sun Life. However, under Illinois law, the language in the application controls regarding the effective date of the policy even where premiums are collected by the insurer. *Reynolds*, 3 Ill.Dec. at 400, 358 N.E.2d at 943. Applying the plain language of the application to the undisputed facts of this case, the insurance coverage for which Mr. Harbin applied never became effective. Therefore, as a matter of law, plaintiff is not entitled to any insurance benefits from Sun Life. Accordingly, Sun

Life's motion for summary judgment is granted.