Thomas **PASANT**, Plaintiff,

v.

**JACKSON NATIONAL LIFE INSURANCE COMPANY OF AMERICA,** Defendant.

No. 90 C 4182.

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1990.

Alan B. Castator, LaGrange, Ill., for plaintiff.

Jerome H. Torshen, Mark K. Schoenfield, Harold J. Winston, Torshen, Schoenfield & Spreyer, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This case represents the third skirmish in a continuing legal squabble between plaintiff Thomas Pasant and defendant Jackson National Life Insurance Company of America ("Jackson Life"). Pasant entered into a written employment agreement with Jackson Life in October 1986. In November 1987, Pasant and Jackson Life parted ways. Jackson Life then brought suit against Pasant in the Western District of Michigan in order to clarify provisions in his employment agreement concerning post-employment compensation and the effectiveness of a non-competition covenant. The parties settled the Michigan lawsuit in October 1988. Their settlement agreement provided that Pasant would receive $100,000 and would be allowed to compete against Jackson Life. In October 1989, Jackson Life brought a lawsuit against Pasant in Illinois state court alleging breach of contract and interference with contractual relations. Jackson Life voluntarily dismissed the suit, with prejudice, six months later. Pasant now comes to this court alleging that, in bringing the Illinois suit, Jackson Life breached their settlement agreement, interfered with Pasant's prospective economic

advantages, and abused process. Jackson Life has responded with a motion for judgment on the pleadings with respect to Count I and a motion to dismiss with respect to Counts II and III. Jackson Life's motion for judgment on the pleadings with respect to Count I is denied. Its motion to dismiss Counts II and III is granted in part and denied in part.

■ This contract case comes to federal court on diversity jurisdiction. Contrary to the parties' belief, determining which law governs this case is not as simple as merely designating Illinois law as the applicable law. Since the court sits in Illinois, Illinois choice of law principles apply. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). For disputes involving contracts, Illinois uses the "most significant contacts" test. The contacts examined by courts applying this test include: (1) place of contracting; (2) place of negotiation; (3) place of performance; (4) location of the subject matter of the contract; and (5) domicile, residence, place of incorporation or place of business of the parties. *Palmer v. Beverly Enterprises*, 823 F.2d 1105, 1109 (7th Cir.1987).

In this case, an application of the test shows Michigan as the forum with the most significant contacts. The contract at issue here is the settlement agreement entered into by Pasant and Jackson Life in order to resolve a lawsuit brought in the Western District of Michigan. At the heart of the settlement agreement is Pasant's employment agreement which, by its terms, was governed by Michigan law. The settlement agreement was contracted and negotiated in Michigan. In fact, the agreement was consummated by a motion for dismissal with prejudice brought in the district court of Michigan. Michigan and Illinois are the places of business or residence of the parties. And, the remaining contacts prove inconclusive. When all the relevant contacts are considered, Michigan emerges as the "most significant contacts" forum. Therefore, this case is governed by Michigan law.

## COUNT I

Defendant Jackson Life moves for a judgment on the pleadings with respect to Count I. It moves for dismissal with respect to Counts II and III. Even though numerous exhibits outside the pleadings have been submitted, the court will only consider the parties' pleadings in resolving these motions.

■ Count I is a breach of contract claim. Plaintiff Pasant claims that Jackson Life breached their settlement agreement by filing a groundless lawsuit in Illinois state court. Plaintiff alleges that the suit interfered with his business and, thus, violated those provisions in the settlement agreement allowing him to compete. The damages he has suffered because of the breach include loss of commissions for renewal transactions, loss of outstanding commissions, and loss of incentive compensation under the profit incentive plan. These allegations adequately satisfy the elements of a breach of contract claim. *See* Williston on Contracts § 1290 (3d ed. 1968). Count I stands.

## COUNTS II AND III

■ Pasant's claim in Count II may be characterized under Michigan law as tortious interference with an advantageous business relationship. To establish a tortious interference claim, a plaintiff must show the (1) existence of a valid business relationship or an expectancy of one; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) damage to the party whose relationship or expectancy had been interfered with. *Northern Plumbing & Heating, Inc. v. Henderson Bros., Inc.*, 83 Mich.App. 84, 93, 268 N.W.2d 296, 299 (1978) (quoting 45 Am.Jur.2d Interference § 50, p. 322).

Pasant properly pleads all four elements. Pasant points to his dealings with various insurance agents throughout Illinois as expected valid business relationships. He implies Jackson Life's knowledge of those relationships through his improper purpose argument. And, he uses the improper purpose argument to support his allegation that Jackson Life committed intentional interference. According to Pasant, Jackson

Life committed intentional interference by filing suit and engaging in discovery. "[O]ne who alleges tortious interference with a ... business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in the law ..." *Feldman v. Green*, 138 Mich.App. 360, 360 N.W.2d 881, 891 (1984). To satisfy this requirement, Pasant may show an "improper or malicious purpose" on the part of Jackson Life. *Hutton v. Roberts* 182 Mich. App. 153, 451 N.W.2d 536, 539 (1989). He does so with his allegation that Jackson Life brought the Illinois suit and related discovery for the purpose of interfering with and defeating Pasant's legitimate business expectancy, rather than for the purpose of enforcing Jackson Life's legal rights. As for the damage element of intentional interference, Pasant claims losses from lost insurance business. With all the elements of intentional interference plead, Count II also stands.

■ Count III is an abuse of process claim. Plaintiff Pasant alleges that Jackson Life engaged in abuse of process by filing suit and pursuing discovery. As is the case in Illinois, a plaintiff bringing an abuse of process claim in Michigan must show an "ulterior purpose" for the proceedings as well as "an act in the use of process which is improper in the regular prosecution of the proceedings." *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585, 594 (1981). The acts plaintiff alleges as abuse of process are the filing of a lawsuit and the pursuit of discovery. "However, the mere institution of a lawsuit is not enough to create a cause of action for abuse of process." *Peisner v. Detroit Free Press*, 68 Mich.App. 360, 242 N.W.2d 775, 778 (1976). To establish a cognizable claim, plaintiff must allege that an irregular act occurred in the *use* of process. The "action lies for the improper use of the process after it has been issued, not for maliciously causing it to issue." *Spear v. Pendill*, 164 Mich. 620, 130 N.W. 343 (1911).

After process was issued, an improper use may have occurred in the area of discovery. Plaintiff, though, lacks sufficient allegations in his complaint to make such a claim. Pasant contends that the discovery Jackson Life conducted in the Illinois suit constituted abuse because it was undertaken for the purposes of harassment. In addition to an ulterior purpose, however, Pasant must allege an act "done outside the use of process—a perversion of the process." *Young v. Motor City Apartments, Ltd.*, 133 Mich.App. 671, 350 N.W.2d 790, 795–796 (1984) (quoting *Chrysler Corp. v. Fedders Corp.*, 504 F.Supp. 706, 725 (S.D.N.Y.1982)). "Allegedly oppressive discovery ... standing alone [will not] provide the basis for an abuse of process claim." *Young*, 350 N.W.2d at 795. Other than a general allegation of harassment through the discovery process, Pasant has not indicated a specific act in support of his allegations. Absent an irregular act, an abuse of process claim will not stand. Count III is dismissed with leave given to amend.

Under the federal rules, the allegations in a complaint are to be construed liberally. Defendant's motions are denied with respect to Counts I and II. They are granted with respect to Count III. Plaintiff is given leave to amend Count III.

IT IS SO ORDERED.