**Thomas PASANT, Plaintiff,**

v.

**JACKSON NATIONAL LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

**No. 90 C 4182.**

United States District Court, N.D. Illinois, E.D.

July 29, 1991.

Alan B. Castator, LaGrange, Ill., for plaintiff.

Jerome H. Torshen, Mark K. Schoenfield, Torshen, Schoenfield & Spreyer, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff in this action, Thomas Pasant, claims that defendant, Jackson National Life Insurance Company of America ("Jackson Life"), was not true to a settlement agreement. Therefore, Pasant has brought suit. Jackson Life has moved for partial summary judgment on the relief requested in Count I of Pasant's complaint. For the reasons stated herein, Jackson Life's motion for partial summary judgment is granted.

## FACTS

On October 28, 1988, a Michigan lawsuit involving Pasant and Jackson Life was dismissed pursuant to a settlement agreement. The agreement compromised various claims and obligations which had arisen from a previous employment relationship. Under the agreement, Jackson Life agreed to pay Pasant $100,000 and to waive its right to enforce a covenant not-to-compete. Pasant relinquished any claims he may have had regarding commission and incentive compensation as well as a tort claim for intentional infliction of emotional distress.

In July of 1989, Pasant, relying on Jackson Life's waiver, incorporated Agency of America and began competing with Jackson Life. On October 31, 1989, Jackson Life filed a suit against Pasant in Illinois state court which sought, in part, an ex parte temporary restraining order directing Pasant to cease soliciting (and refrain from entering into) business relationships with agents who had contractual relationships with Jackson Life ("Illinois suit"). This suit was voluntarily dismissed by Jackson Life with prejudice.

Pasant then commenced the present action. Pasant alleges that the Illinois suit was calculated to prevent and/or interfere with his ability to compete with Jackson Life. In Count I of the complaint, Pasant claims that Jackson Life breached the settlement agreement by failing to adhere to its waiver of the covenant not-to-compete. As relief, Pasant asks for: 1) consequential damages resulting from Jackson Life's interference with his ability to compete in the open market place, 2) renewal and outstanding commissions, and 3) incentive compensation under the Profit Incentive Plan. Jackson Life now moves for partial summary judgment on Count I contending that Pasant may not, as a matter of law, recover the commissions and incentive compensation.

## DISCUSSION

Count I of Pasant's complaint implicitly invokes two inconsistent contractual theories. First, Pasant seeks consequential damages resulting from Jackson Life's alleged breach of the settlement agreement. Under this theory, Pasant affirms the existence of the agreement and seeks consequential damages flowing from Jackson Life's alleged breach thereof. Second, Pasant seeks to enforce his rights concerning commissions and incentive compensation, rights which Pasant forewent under the settlement agreement. That is, Pasant seeks to pursue his original claims which were compromised by the settlement agreement. Implicitly, then, he seeks disaffirmance of the agreement.

█ Jackson Life asserts, among other arguments, that Pasant may not invoke (or at least be granted) a remedy based on affirmance of the agreement along with a remedy based on disaffirmance, such as a repudiation of the settlement agreement. Jackson Life further argues that Pasant must elect one of the two inconsistent remedies he seeks in order to avoid a threat of double recovery.

Jackson Life, however, has missed the boat on this point. Pasant has not "invoked" any remedy. Pasant has merely pled in the alternative pursuant to Fed. R.Civ.P. 8(e)(2) which states, "A party may set forth two or more statements of a claim ... alternatively or hypothetically ... A party may also state as many separate claims ... as the party has regardless of consistency...." In *Braman*, this court found that "[u]nder Rule 8(e)(2) plaintiffs may raise alternative claims of breach of contract and unjust enrichment despite the

inconsistency of these claims." *Braman v. Woodfield Gardens Associates*, 715 F.Supp. 226, 229 (N.D.Ill.1989). While it is true that Pasant must elect one of two inconsistent remedies at some time; that time is not now. Double recovery is not threatened in the pleading stage and pleading rules allow a plaintiff, such as Pasant, to plead inconsistent contractual theories. Therefore, the court finds that Pasant's request for commissions and incentive compensation is not barred on grounds that such remedy is inconsistent with his alternative remedy of suing for damages on the agreement.

■ In addition, Jackson Life argues that Pasant's request for commissions and other monetary relief is barred on grounds that Pasant has failed to tender the consideration he received pursuant to the settlement agreement prior to or at the time of his filing suit. Jackson Life contends that the remedy is barred by a well-settled rule of Michigan law which states that "tender of consideration received is a condition precedent to the right to repudiate a contract of settlement". *Stefanac v. Cranbrook Educ. Community*, 435 Mich. 155, 163, 458 N.W.2d 56, 60 (1990). Contrary to Pasant's assertions, this tender rule is not limited to claims seeking the recision of a contract. *See Kirl v. Zinner*, 274 Mich. 331, 264 N.W. 391, 392 (1936) ("[i]t is a general and salutary rule that one repudiating or seeking to avoid a compromise settlement or release, and thereby revert to the original right of action, must place the other party in statu quo. . . .").

■ Jackson Life correctly relies on *Stefanac*. First, the tender rule discussed in the case applies to settlement agreements, not original contracts. *Id.* The subject matter of the present suit is indeed a "settlement agreement" by its nature and by admission of the parties. (Settlement Agreement at ¶¶ 7–9.) Second, *Stefanac* is Michigan precedent and this court has determined previously that Michigan law controls the contract dispute. *See Pasant v. Jackson Nat'l Life Ins. Co. of America*, 751 F.Supp. 762, 764 (N.D.Ill.1990).[1]

The court is in agreement with Jackson Life that *Stefanac* bars the pursuit of repudiation remedies in the present case. The agreement entered into by the parties was "in consideration for resolving the claims which each . . . raised [in the Michigan suit]." (Settlement Agreement at 1.) For its part, Jackson Life claims that it paid Pasant $100,000 and retirement plan distributions. (Defendant's Statement of Uncontested Material Facts for its Motion for Summary Judgment at ¶ 4.) Since the Michigan case was dismissed with prejudice on October 28, 1988, it can be assumed that Jackson Life did indeed deliver to Pasant the monies promised under the settlement agreement.

On the other hand, as the pleadings make clear, Pasant did not return the monies received pursuant to the settlement agreement prior to or at the time of filing suit. In its statement of uncontested facts, Jackson Life states that "[p]laintiff has not alleged, and there is no indication in the record, that plaintiff ever tendered back to defendant funds received pursuant to the settlement agreement." (Defendant's Statement of Uncontested Material Facts for its Motion for Partial Summary Judgment at ¶ 9.) This statement stands uncon-

---

1. In fact, the court decided that both the contract and tort claims raised by Pasant are governed by Michigan law. Justice Frankfurter once stated that "[w]isdom ofttimes is never gained at all, and therefore should not be rejected merely because it arrives late." *Kuntz v. Windjammer "Barefoot" Cruises Ltd.*, 573 F.Supp. 1277, 1288 (W.D.Pa.1983), *aff'd*, 738 F.2d 423 (3d Cir.1984). Since its December order, the court has determined that, after applying the "most significant contacts" test, Illinois law should govern the tort claim in Count II. This determination does not alter the court's previous decision which upheld the sufficiency of Pasant's tort claim in Count II, as Illinois and Michigan law are the same in this area. In Illinois, a plaintiff claiming tortious interference with business expectancies must also allege "the existence of a valid business relationship or expectancy; knowledge of the relationship or expectancy on the part of the defendant; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to plaintiff." *Mucklow v. John Marshall Law School*, 176 Ill. App.3d 886, 126 Ill.Dec. 314, 320, 531 N.E.2d 941, 947 (1988).

tested since Pasant failed to file any statement of material facts contradicting Jackson Life's 12(m) statement. *See Harbin v. Sun Life Assurance Co. of Canada,* 710 F.Supp. 1167, 1168 (N.D.Ill.1989) (citing Local Rule 12(m), now Local Rule 12(n), Rules of the United States District Court for the Northern District of Illinois).[2]

Pasant also makes an implicit admission that he did not tender funds received pursuant to the settlement agreement prior to or at the time of filing suit. Jackson Life argues for the application of the *Stefanac* rule in its reply to Pasant's response. Pasant, in his sur-reply, addresses this argument and merely claims that the tender of a covenant not-to-compete is an impossibility. His sur-reply does not even bother to address the factual issue of whether he returned the settlement monies. If Pasant had indeed returned these funds, the court would expect him to so allege in response to Jackson Life's *Stefanac* argument. Pasant's silence on this issue along with ¶ 9 of Jackson Life's statement of uncontested material facts provide sufficient basis for a determination that Pasant did not return funds received pursuant to the settlement agreement prior to or at the time of filing suit.

Accordingly, the court finds that Pasant's request for commissions and incentive compensation is barred because he did not return the funds he received pursuant to the settlement agreement prior to or at the time of filing suit.[3] A "plaintiff is not entitled to retain the benefit of an agreement and at the same time bring suit in contravention of the agreement." *Stefanac,* 435 Mich. at 176, 458 N.W.2d 56. Therefore, Jackson Life's motion for partial summary judgment on Count I is granted.

The court had deferred ruling on four of Pasant's document requests, 21, 22, 24 and 25, pending resolution of Jackson Life's motion for partial summary judgment. In light of the court's decision to grant partial summary judgment on Count I, Pasant's document requests are denied.

Pasant has also recently requested leave to file an amended complaint. Based on the court's previous decisions and its decision today, this request is denied. Count III of the amended complaint cannot be pled since it is identical to Count III of the original complaint which the court dismissed in *Pasant v. Jackson Nat'l Life Ins. Co. of America,* 751 F.Supp. 762 (N.D.Ill.1990). Counts IV and V of the amended complaint are, in essence, a fuller request for the relief that the court has just denied. In these counts, Pasant is seeking commissions and incentive compensation allegedly owed pursuant to an oral and/or written agreement. These claims, though, were compromised by the settlement agreement and cannot be pursued since the consideration received under the agreement has not been returned. Accordingly, Pasant's motion to amend his complaint is denied.

IT IS SO ORDERED.

**2.** Pasant may argue that Jackson Life filed its statement of uncontested facts with its reply to Pasant's response and, consequently, did not file in compliance with Rule 12(m) which provides that the statement must be filed "[w]ith each motion for summary judgment". Local Rule 12(m), Rules of the United States District Court for the Northern District of Illinois. However, the objective of Rule 12(m) is to insure the non-moving party an opportunity to respond to such statement. Pasant had such opportunity when

he filed his sur-reply, thereby negating any prejudicial effect which may have been caused by Jackson Life's untimely filing of its statement.

**3.** The court finds it unnecessary to address the issue of whether it is impossible to tender a covenant not-to-compete because Pasant has clearly failed to comply with the rule in *Stefanac* with regard to the funds received pursuant to the settlement agreement.